CAROLLO v. N. Y. C. RD. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2036. Decided May 28, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

923. PLEADINGS—829. Negligence — 991. Railroads.

Petition, which avers that defendant railroad company received plaintiff's bananas as common carriers, to carry over its line and by reason of its negligence permitted hot cinders, from one of its locomotives, to come upon bananas, while so conveying them, and injure them, states a good cause of action.

Error to Common Pleas.
Judgment reversed.

Fritche, Kruse & Winchester, Toledo, for Carollo.

Doyle & Lewis, Toledo, for N. Y. C. Rd. Co.

## FULL TEXT.

WILLIAMS, J.

Peter Carollo, doing business as The Tropical Fruit Company, filed his petition as plaintiff against the defendant, The New York Central Railroad Company, in the Court of Common Pleas, of this county, seeking to recover damages to a shipment of bananas. The cause was tried upon an amended petition and at the outset the court sustained the objection of the defendant to the introduction of any evidence for the reason that the amended petition does not state a cause of action, and directed the jury to return a verdict in favor of the defendant. Such a verdict was returned and judgment entered thereon. Plaintiff in error brings this proceeding in error to reverse that judgment.

The sole question presented to us is did the amended petition state a cause of action. The amended petition avers that the defendant is a common carrier by railroad for hire, engaged in interstate commerce and was such at the times averred in the amended petition, and that on or about September 1, 1925, the plaintiff was the owner of a carload of bananas which was shipped to him by The Fruit Despatch Company from Boston, Masachusetts, over the line of The Boston & Albany Railroad and that of the defendant company, consigned to the plaintiff at Toledo, Ohio; that when said carload of bananas was delivered to the defendant the bananas were in good condition but that when the carload of bananas reached Toledo, 110 bunches in the car were

"covered with hot cinders, permitted by the defendant to cover said bunches of bananas, and that by reason of the carelessness and negligence of the defendant in permitting the said car of bananas to be exposed in close proximity to one of defendant's locomotives, from which said hot cinders came upon the bananas, the said 110 bunches of bananas were damaged in the sum of $171.00."

Thereupon the petition sets out more specifically the damages and prays for a judgment.

Briefly stated, the amended petition avers that the defendant railroad company received the plaintiff's bananas as a common carrier to carry over its line to Toledo, Ohio, and by reason of its negligence permitted hot cinders from one of its locomotives to come upon the bananas while so conveying them, and injure them. A consignee, who owns the goods shipped, is the real party in interest and may maintain the action. 10 C. J., 350 and 351, Secs. 515 and 517; 4 R. C. L., p. 940, Sec. 397. It has been held that in the absence of contractual limitations, it is not necessary to allege negligence in an action of this character. It is usual, however, to do so. 10 C. J., p. 360, Sec. 544. A common carrier can not, by contract, exempt itself from liability for its negligence. Railway Co. v. Sheppard, 56 Ohio St., 68. 4 R. C. L., p. 767, Sec. 232.

It was the duty of the defendant railroad company, as a common carrier, to carry the consignment of bananas belonging to plaintiff safely, and to negligently permit hot cinders to fall upon the bananas from one of its locomotives, while engaged in the performance of that duty, was a wrongful act upon the part of the

defendant company and the plaintiff would be entitled to recover damages caused by reason thereof.

For the purpose of determining the sufficiency of the pleading we must assume the facts well pleaded in the amended petition to be true. We do not deem it of any great importance to determine whether the action sounds in tort or in contract. B. & O. Railroad Co. v. Armstrong, 99 Ohio St., 163.

The amended petition states a good cause of action and the court erred in refusing to admit evidence offered on behalf of the plaintiff below. For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Richards and Lloyd, JJ., concur.